Van Voobhis, J. (concurring).
In ascertaining what are contemporary community standards, I agree with Judge Dye that other books and publications may be compared which are currently sold by bookstores to the public. This aspect was considered in Smith v. California (361 U. S. 147) in the concurring opinions of Justices Fbankeubteb and Hablan. Justice Fbankeubteb stated:
“ Since the law through its functionaries is ‘ applying contemporary community standards ’ in determining what constitutes obscenity, Both v. United States, 354 U. S. 476, 489, it surely must be rational, and therefore relevant to the issue- of obscenity, to allow light to be shed on what those ‘ contemporary community standards ’ are. Their interpretation ought not to depend solely on the necessarily limited, hit-or-miss, subjective view of what they are believed to be by the individual juror or judge. * * *
“ For the reasons I have indicated, I would make the right to introduce such evidence a requirement of due process in obscenity prosecutions ” (id., pp. 164—167).
Justice Hablan, after stating his agreement with Justice Fbankeubteb, added (pp. 171-172):
“ The community cannot, where liberty of speech and press are at issue, condemn that which it generally tolerates. This being so, it follows that due process — ‘ using that term in its primary sense of an opportunity to be heard and to defend [a] * * * substantive right,’ * * * requires a State to allow a litigant in some manner to introduce proof on this score. * * *
*308 ‘£ However, I would not hold that any particular kind of evidence must be admitted, specifically, that the Constitution requires that oral opinion evidence by experts be heard. There are other ways in which proof can be made, as this very case demonstrates. Appellant attempted to compare the contents of the work with that of other allegedly similar publications which were openly published, sold and purchased, and which received wide general acceptance.”
The American Law Institute’s Model Penal Code (Tentative Draft No. 6 [1957], § 207.10, subd. [2]) provides to the same effect.
In my view the other publications offered in evidence might well have been admitted for whatever aid they might have supplied to the court in discerning what are contemporary community standards, but this is also a subject of judicial notice. As stated in Wigmore, Evidence (3d ed., vol. 9, § 2567, p. 535): “ That a matter is judicially noticed means merely that it is taken as true without the offering of evidence by the party who would ordinarily have done so. This is because the Court assumes that the matter is so notorious that it will not be disputed. But the opponent is not prevented from disputing the matter by evidence, if he believes it disputable. It is true that occasionally a Court is found declaring a thing judicially noticed and at the same time refusing to listen to evidence to the contrary ; but usually this is in truth laying down a new rule of substantive law by declaring certain facts immaterial ’ ’.
The practice is not uncommon of taking evidence concerning matters within the realm of judicial notice so as to furnish the judicial mind with more exact details of general knowledge which Judges are presumed to know already, the contents of an almanac, for example (Case v. Perew, 46 Hun 57, affd. 122 N. Y. 665).
In my view it is open to a court to examine other books and publications than those subject to the criminal charge to inform itself concerning what are contemporary community standards. An examination of the two publications which were offered and excluded leads to the conclusion that they would not have altered the determination that the material involved in this prosecution is obscene. Consequently their exclusion was not prejudicial, with the consequence that the judgments of conviction should be affirmed,